IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GAIL HARRIS,                                    10-CV-184-BR

          Plaintiff,                            OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


RORY JOSEPH LINERUD
P.O. Box 1105
Salem, OR 97308-1105
(503) 587-8776

          Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MATHEW W. PILE**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2240

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Gail Harris seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


<u>**ADMINISTRATIVE HISTORY**</u>

      Plaintiff filed an application for SSI on January 12, 2006, alleging a disability onset date of October 1, 1998.  Tr. 38, 87.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 7, 2008.  Tr. 7-29.  Plaintiff was

---

     [1] Citations to the official transcript of record filed by the Commissioner on June 28, 2010, are referred to as "Tr."

2 - OPINION AND ORDER

represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on March 25, 2008, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 35-47.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on January 29, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on April 3, 1963, and was 44 years old at the time of the hearing.  Tr. 87.  She completed eleventh grade.  Tr. 107, 177.  Plaintiff does not have any past relevant work experience.  Tr. 46.

Plaintiff alleges disability due to fibromyalgia, panic attacks, agoraphobia, Tietze's syndrome, costochondritis, and acid reflux.  Tr. 102.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 41-42.

## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004
(9th Cir. 2005). To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or
mental impairment which . . . has lasted or can be expected to
last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of
developing the record. *Reed v. Massanari*, 270 F.3d 838, 841
(9th Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Robbins,*

4 - OPINION AND ORDER

466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.   The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a

number of listed impairments that the Commissioner acknowledges
are so severe they preclude substantial gainful activity.  *Stout*,
454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(iii).  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's Residual Functional Capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite his limitations.  20 C.F.R.
§ 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284
n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at
the heart of Steps Four and Five of the sequential analysis
engaged in by the ALJ when determining whether a claimant can
still work despite severe medical impairments.  An improper
evaluation of the claimant's ability to perform specific work-
related functions "could make the difference between a finding of
'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in "continuous substantial gainful activity" since her January 12, 2006, application date. Tr. 40.

At Step Two, the ALJ found Plaintiff has the "severe combination of impairments" of "possible fibromyalgia, a history of sinusitis, a history of reported anxiety and depression with a historical diagnosis of an adjustment disorder." Tr. 41.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform "medium work except that" she is limited to carrying and pulling no more than 25 pounds, to sitting or standing for 45 minutes "at a time," and to bending and stooping only occasionally.  Tr. 44. The ALJ found Plaintiff is unable to work with the public "unless the interaction is superficial or occasional."  Tr. 44.

At Step Four, the ALJ found Plaintiff does not have any past relevant work experience.  Tr. 46.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 46.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony that she needs to lie down during the day, (2) failed to develop the record, and (3) improperly assessed Plaintiff's RFC.

**I.   The ALJ did not err when he rejected Plaintiff's testimony that she needs to lie down during the day.**

Plaintiff alleges the ALJ erred when he failed to provide

clear and convincing reasons for rejecting Plaintiff's testimony that she needs to lie down during the day.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "allegations of disabling impairments, whether based on physical or mental disorders, cannot be wholly accepted as credible."  Tr. 45.  The ALJ noted many of Plaintiff's alleged impairments such as Tietze's syndrome

and costrochondritis were not substantiated by any medical

diagnosis or other medical evidence.  In addition, the record

does not reflect Plaintiff's alleged impairment of acid reflux

significantly impaired her ability to work.  The ALJ found

Plaintiff's credibility was "further diminished" by the fact that

she failed to bring her alleged limitations to the attention of

her doctors.  Tr. 45.  For example, Plaintiff testified she has

had to spend ten to fifteen minutes of every hour in the bathroom

for the last several years due to irritable bowel syndrome, but

Plaintiff never discussed this problem with her doctors.

The Court concludes on this record that the ALJ did not err

when he partly rejected Plaintiff's testimony because the ALJ

provided legally sufficient reasons supported by the record for

doing so.

## II.  **The ALJ fully developed the record.**

Plaintiff contends the ALJ erred when he failed to order a

consultative examination.  The record, however, reflects the

Social Security Administration (SSA) provided Plaintiff with two

chances to attend a consultative examination.  Plaintiff

confirmed she would be able to attend the examinations, cancelled

twice, and then provided inconsistent reasons for not being able

to attend the scheduled examinations.  Paul Rethinger, Ph.D., a

SSA psychologist, found Plaintiff's failure to attend the

examinations was an "implicit refusal to cooperate as she was

well aware of the exam date[s] and had ample time to make
arrangements to attend."  Tr. 241.

In addition, Plaintiff did not request a consultative
examination or otherwise suggest that further development of the
record was necessary at the hearing before the ALJ or at any
other time during the administrative proceedings.

Finally, although "the ALJ has a special duty to fully and
fairly develop the record," that duty is "triggered only when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence."  *Mayes v.
Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)(citation
omitted).  *See also Reed v. Massanari*, 270 F.3d 838, 842 (9th
Cir. 2001)("[T]he Commissioner has broad latitude in ordering a
consultative examination," and "[t]he government is not required
to bear the expense of an examination for every claimant.").
Here the record does not reflect any ambiguity in Plaintiff's
medical record or conflicting opinions by Plaintiff's doctors as
to her conditions.  The Court, therefore, concludes on this
record that Plaintiff has not established the ALJ's duty to
further develop the record by ordering a consultative examination
was triggered or that the ALJ erred when he failed to order a
consultative examination.

**III. The ALJ did not err when "determining Plaintiff's [RFC]."**

Plaintiff contends the ALJ erred when "determining

Plaintiff's [RFC]" because the ALJ did not rely on any medical authority.  The ALJ, however, set out a two-page analysis of the medical evidence in the record when he assessed Plaintiff's RFC. In addition, the ALJ relied in part on Plaintiff's own statements regarding her abilities.  For example, the ALJ noted Paul C. Coelho, M.D., examining physician, reported:

> [Plaintiff] wrote me a letter asking me to include the following limitations into my report:  No lifting more than 25lbs, no standing or sitting more than 45 minutes per interval, no bending, stooping, lifting or pulling.  Moreover, she states that she needs rest in between activities to recover.

Tr. 248.  Plaintiff alleged she had to change positions while working and that she had difficulty socializing due to panic attacks.  Tr. 10, 134.  Although the ALJ did not accept all of Plaintiff's alleged limitations due to her lack of credibility, he found Plaintiff could not carry or pull more than 25 pounds, could not stand or sit more than 45 minutes at a time, would need an opportunity to change positions, could only occasionally bend and stoop, and could not work with the public unless the interaction was superficial or occasional.  Tr. 44.  In fact, the ALJ included more limitations in Plaintiff's RFC than the medical evidence suggests.  For example, Dr. Coelho noted:

> I encouraged regular activity and smoking cessation.  [Plaintiff] states that she stops all activities as a result of the pain and I explained that this is a maladaption rather than stopping. She should continue her activities as usual, as pain is not tantamount to tissue injury.  Indeed,

> we encouraged [Plaintiff] to maintain a high level
>
> [of] activity in spite of pain in the context of
> fibromyalgia syndrome.

Tr. 248.  Linda L. Jensen, M.D., a state-agency physician, opined Plaintiff could perform medium exertional work without any postural, manipulative, visual, communicative, or environmental limitations.  Tr. 249-56.  Frank Lahman, Ph.D., a state-agency psychologist, opined Plaintiff did not have any restriction of daily living activities; difficulty in maintaining social functioning; difficulty in maintaining concentration, persistence, or pace; or episodes of decompensation.  Tr. 267.

The Court, therefore, concludes on this record that the ALJ did not err in his assessment of Plaintiff's RFC.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 17th day of February, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER